UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

NORTHERN DIVISION

| | |
|---|---|
| LUIS A. ARECHIGA,<br><br>    Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | 1:19-CV-01013-CBK<br><br>OPINION AND ORDER DENYING MOTION TO VACATE AND ORDER DENYING CERTIFICATE OF APPEALABILITY |

Petitioner was convicted of assault with a dangerous weapon and assault resulting in serious bodily injury, 1:14-cr-10029-CBK. He was sentenced on January 9, 2006, to 120 months and 96 months, respectively, to be served consecutively. The United States Court of Appeals for the Eighth Circuit affirmed the convictions and sentences. United States v. Arechiga, 215 Fed. Appx. 559, 2007 WL 315407, 8th Cir. No. 06-1287 (2007).

Petitioner filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, 1:16-cv-01025-CBK, contending that he was entitled to relief under Johnson v. United States, ___ U.S. ___, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015), wherein the United States Supreme Court struck down as unconstitutionally vague the so-called residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B)(ii). That motion was denied on the merits.

Petitioner has now filed a motion pursuant to Fed. R. Civ. P. 60(b) to vacate his criminal convictions and sentences. I have conducted an initial consideration of the motion, as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner contends that this Court lacked jurisdiction over his criminal case. He was charged with having committed his crimes in Sisseton, South Dakota. Jurisdiction was premised on 18 U.S.C. § 1153. Petitioner contends that Sisseton, South Dakota is not in Indian country, citing DeCoteau v. District County Court for the Tenth Judicial District, 420 U.S. 425, 445, 95 S.Ct. 1082, 1093, 43 L.Ed.2d 300 (1975), which held that the Lake Traverse Indian Reservation was terminated by the Act of March 3, 1891, 26 Stat. 1035. That Act ratified an agreement

between a majority of male adult tribal members and Commissioner of Indian Affairs relinquishing to the United States all unallotted land within the original reservation.

Contrary to petitioner's contention, DeCoteau did not hold that Sisseton is no longer Indian country. It simply held that lands which were unallotted as of the Agreement of 1889 were subject to state jurisdiction. Lufkins v. United States, 542 F.2d 476, 477 (8th Cir. 1976). The evidence at trial showed that the assault took place at Sisseton housing, which is a tribal housing community. No evidence was submitted as to whether the place of the offense was in Indian country because the defendant stipulated that the place of the offense was in Indian country.

Petitioner's motion challenges the validity of his convictions and the length of his sentences. Where a statute specifically addresses the particular issue at hand, it is that authority that provides a basis for relief. *See* Carlisle v. United States, 517 U.S. 416, 429, 116 S.Ct. 1460, 1467, 134 L.Ed.2d 613 (1996). The appropriate means for a person still in custody to challenge federal court convictions and sentences is 28 U.S.C. § 2255. *See* United States v. Noske, 235 F.3d 405, 406 (8th Cir. 2000). Defendant is still in the custody of the Bureau of Prisons serving the sentences he is challenging. His projected release date is July 25, 2029.[1] He is not entitled to challenge his convictions and sentences through a Rule 60(b) motion.

It is clear that defendant seeks relief under the Federal Rules of Civil Procedure in order to avoid the requirement in 28 U.S.C. § 2244(a) and 28 U.S.C. § 2255(h) that he obtain authorization from the Court of Appeals to file a second or successive motion to vacate. *See* United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002). The United States Court of Appeals for the Eighth Circuit has instructed:

> It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure. Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading.

United States v. Lambros, 404 F.3d 1034, 1036 (8th Cir. 2005) (internal citations omitted).

---

[1] Defendant was arrested on the indictment on March 16, 2005. He was detained pending trial. He was sentenced to 18 years custody. Even if he were eligible for the maximum good time credits, he would still be serving the sentence imposed in the District of South Dakota. Defendant was convicted by a jury in the Eastern District of Kentucky of assault resulting in serious bodily injury and aiding and abetting assault with a dangerous weapon in a United States Penitentiary. He was sentenced on March 28, 2008, to 100 months custody on each charge to run concurrently but the total sentence to run consecutive to the sentence imposed in the District of South Dakota. The latter sentence accounts for the 2029 discharge date.

Defendant's motion is "the functional equivalent of an unauthorized successive section 2255 motion" which is properly dismissed. United States v. Hines, 513 Fed. Appx. 633, 633 (8th Cir. 2013) (*citing* United States v. Patton, 309 F.3d 1093, 1094 (8th Cir. 2002)).

Now, therefore,

IT IS ORDERED that the motion to vacate defendant's convictions and sentences is denied.

**TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT:**

Petitioner was convicted of assault with a dangerous weapon and assault resulting in serious bodily injury. He was sentenced to consecutive sentences totaling 216 months imprisonment. His direct appeal was denied. Petitioner filed a previous motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 which was summarily denied pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.

Petitioner filed a motion to vacate his convictions and sentences pursuant to Fed. R. Civ. P. 60(b), contending the district court lacked jurisdiction over his criminal case. That motion, which is the functional equivalent of a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, was summarily denied pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts on the basis that petitioner has failed to obtain permission from the Court of Appeals to file a second or successive motion attacking his convictions and sentences.

Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner did not and has not made a substantial showing of the denial of a constitutional right.

**IT IS HEREBY CERTIFIED** that there does not exist probable cause of an appealable issue with respect to the Court's order denying petitioner's § 2255 motion. Any application for a certificate of appealability is denied. This in no way hampers the petitioner's ability to request issuance of the certificate by a United States Circuit Judge pursuant to Fed. R. App. P. 22.

DATED this 25th day of June, 2019.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge